# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBIN FOSTER and JONATHAN FOSTER | : |
| Plaintiffs, | : |
| v. | : Case No. _____ |
| FRANKLIN COLLECTION SERVICE INC | : |
| Defendant. | : |

COMES NOW YOUR PLAINTIFFS, Robin Foster and Jonathan Foster, and files their Complaint for Damages against the Defendant named above and shows the following:

## I. INTRODUCTION

1. In December of 2014, Robin Foster was visiting family for Christmas in Pontotoc, MS. During her trip, she stopped at RedMed Urgent Clinic (herein after "RedMed") to receive medical treatment. Johnathan Foster was never at the RedMed facility. She made a copay of $25.00 that day. Not long after, RedMed sent a bill to Mrs. Foster for $367.00. It was determined that this bill was due to RedMed not filing the health insurance claim correctly. After convincing RedMed to refile correctly, Blue Cross Blue Shield, Mrs. Foster's health insurance provider, reduced

the total amount due to $271.75, and paid $221.75. RedMed then billed Mrs. Foster for an additional $50.00, though only $25.00 was due. This $50.00 was paid by Jonathan Foster, Robin's spouse, on or about November 2015. A total of $296.75 was paid by the Fosters and the insurance company to RedMed, and the balance due was now zero.

2. For reasons unknown to the Fosters or their counsel, on February 10, 2016, the Defendant, Franklin Collection Service, Inc. (hereinafter "Franklin") sent a letter to Jonathan Foster demanding payment for his "outstanding balance of $317.00 owed to REDMED LLC." Since Mr. Foster had never been to RedMed and did not feel he should be responsible for this debt, he was extremely upset. Ms. Foster was also upset that her husband had been contacted yet again to pay on an account that she believed was hers, and an account that she believed was paid in its entirety. This attempt to collect a debt that no longer existed created unnecessary conflict and stress in the Fosters' marriage.

3. Defendants' unlawful conduct caused Mr. and Mrs. Foster severe and substantial emotional distress, including physical and emotional harm, including but not limited to: anxiety stress, headaches (requiring Tylenol and Excedrin), pain (requiring Motrin), sleeping issues, anger, embarrassment, humiliation, depression, family strife, utter frustration, shame, lack of concentration, amongst other injuries and negative emotions.

4. Defendant's unlawful conduct invaded the Fosters' statutory rights and caused them harm and harmed the consumer marketplace.

5. Defendant's actions are abusive debt collection practices prohibited by federal law, specifically the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 which found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices" by debt collectors and those practices "<u>contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.</u>"

## II. PARTIES, JURISDICTION, AND VENUE

6. Plaintiffs are natural persons residing in Houston County, Georgia.

7. Defendant is a national company with offices and collection centers in various states but actively collect debts from consumers in the Middle District.

8. Defendant claims to maintain a registered agent, CT Corporation System, located at 1201 Peachtree Street NE, Atlanta GA 30361.

9. Summons and Complaint may be served on Defendant by service on CT Corporation, located at Defendant's registered address in this state, 1201 Peachtree Street NE, Atlanta GA 30361.

10. Defendant was in fact doing business in this state at all times relevant to this action through their various collection efforts.

11. Defendants directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in this judicial district.

12. This Court has subject matter jurisdiction of claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13. This Court also has supplemental jurisdiction with regard to Plaintiff's state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### III. LAW RELEVANT TO PLAINTIFFS' CLAIMS

15. The FDCPA was enacted to protect individuals from abusive debt collection practices because Congress found such practices were rampant in the debt collection industry.

16. Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

17. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

18. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

19. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000, and attorney's fees as determined by the Court and costs of the action. 15 U.S.C. § 1692k.

20. Similarly, Georgia's Fair Business Practices Act ("GFBPA") was enacted to protect the consumer marketplace from false, deceptive, or misleading acts:

> [The purpose of the GFBPA] shall be to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies.
>
> O.C.G.A. § 10-1-391

21. The GFBPA, O.C.G.A. § 10-1-399(a), provides:

> Any person who suffers injury or damages as a result of . . . consumer acts or practices in violation of this part, . . . or whose business or property has been injured or damaged as a result of such violations may bring an action individually, but not in a representative capacity, against the person or persons engaged in such violations under the rules of civil

procedure to seek equitable injunctive relief and to recover his general and exemplary damages sustained as a consequence thereof in any court having jurisdiction over the defendant; provided, however, exemplary damages shall be awarded only in cases of intentional violation. [. . .]

22. A violation of the FDCPA is a violation of Georgia's Fair Business Practices Act. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

### IV. Factual Allegations

23. In or around December 2014, Robin Foster received medical treatment from RedMed.

24. At the time of the visit, Mrs. Foster paid a copay of $25.00.

25. Jonathan Foster was never a patient at RedMed nor has he been to their facilities or signed a contract to be liable for any account or medical treatment.

26. Several months after this treatment, RedMed billed Mrs. Foster for an additional $367.00.

27. After much effort on the part of both Fosters, RedMed was paid $221.75 by Mrs. Foster's health insurance company.

28. Mr. Foster also paid $50.00 to RedMed for Ms. Foster's account.

29. A total of $296.75 was paid to RedMed for Mrs. Foster's medical treatment from December of 2014; and the account was paid off.

### Franklin Attempts to Collect a Debt that Jonathan Foster does not owe

30. On February 16, 2016, the Defendant, Franklin, sent a letter to Jonathan Foster demanding payment of $317.00 on behalf of RedMed. This letter is attached hereto as Exhibit A.

31. Mr. Foster had no contract or account with RedMed.

**32. Mr. Foster has never owed any money to RedMed and has never had an account there.**

### Franklin Attempts to Collect a Debt that Robin Foster does not owe

33. On February 16, 2016, the Defendant, Franklin, sent a letter to Robin Foster's spouse, Jonathan Foster demanding payment of $317.00 on behalf of RedMed.

**34. Mrs. Foster had no balance on her account at RedMed at the time the letter was sent.**

35. Mrs. Foster did not owe RedMed $317.00 at the time the letter was sent to Mr. Foster.

### Franklin Communicates with Third Party Regarding Robin Foster's Debt

36. Ms. Foster did not authorize contact with Mr. Foster regarding her account with RedMed or Franklin.

37. Franklin's contact with Mr. Foster went well beyond what the FDCPA allows for communication with a third-party when attempting to ascertain location information.

38. Franklin not only provided details of the alleged debt from the third party, Mr. Foster, they demanded payment from Mr. Foster.

**<u>Franklin Sends a Letter Lacking Required Protection Information</u>**

39. The initial communication with Mr. Foster lacked a "statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector". See 15 USC §1692g(a)(3).

40. The initial communication with Mr. Foster lacked "a statement that if the consumer notifies the debt collector in writing within the thirty- day period that the debt, or any portion there- of, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector". See 15 USC §1692g(a)(4).

41. The initial communication with Mr. Foster lacked "a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.". See 15 USC §1692g(a)(5).

V. **Damages**

42. Congress enacted the FDCPA to protect consumers from widespread abuse by sophisticated debt collectors.

43. Plaintiffs have suffered actual injuries the FDCPA seeks to prevent, to wit:

    a) Plaintiffs were misled because of Defendant's violations of the FDCPA;

    b) Plaintiff suffered mental distress because of Defendant's violations of the FDCPA;

    c) Plaintiffs suffered an invasion of a statutory right because of Defendant's violations of the FDCPA, and;

    d) Plaintiffs' financial condition was worsened by Defendant's violations of the FDCPA.

44. Plaintiffs have Article III standing to bring these claims against the Defendant.

### Count I – Violations of the FDCPA

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. By reason of the foregoing, Defendant violated the FDCPA by attempting to collect from Jonathan Foster for which it was not authorized to collect in violation of 15 U.S.C. §§ 1692(e) and 1692(f) *et seq*.

47. Defendant's actions were intended to cause Jonathan Foster harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

48. Jonathan Foster is entitled to recover actual damages in an amount to be determined by the trier of fact.

49. Jonathan Foster is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $350.00.

50. Jonathan Foster is entitled to recover his attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

51. By reason of the foregoing, Defendant violated the FDCPA by attempting to collect from Robin Foster for which it was not authorized to collect in violation of 15 U.S.C. §§ 1692(e) and 1692(f) *et seq*.

52. Defendant's actions were intended to cause Robin Foster harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

53. Robin Foster is entitled to recover actual damages in an amount to be determined by the trier of fact.

54. Robin Foster is entitled to recover statutory damages in an amount to deter such future conduct by the Defendant in an amount to be determined by the trier of fact but in excess of $350.00.

55. Robin Foster is entitled to recover her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

### Count II – Violations of the GFBPA

56. Paragraphs 1 through 55 are incorporated herein by reference.

57. By reason of the foregoing, Defendant violated the GFBPA by violating the FDCPA.

58. By reason of the foregoing, Defendant violated the GFBPA by attempting to collect a debt it was unauthorized to collect thereby causing actual harm to Robin Foster.

59. By reason of the foregoing, Defendant violated the GFBPA by attempting to collect a debt it was unauthorized to collect thereby causing actual harm to Jonathan Foster.

60. Defendant's actions harm the consumer marketplace because they place consumers, particularly consumers needing medical care, at a disadvantage.

61. Defendant is liable to Robin Foster for its violations of the GFBPA.

62. Defendant is liable to Jonathan Foster for its violations of the GFBPA.

63. Defendant's violations are willful and intentional authorizing the trebling of damages.

64. Robin Foster is entitled to recover from the Defendant three times her actual and statutory damages.

65. Jonathan Foster is entitled to recover from the Defendant three times her actual and statutory damages.

66. Robin Foster is entitled to recover from the Defendant her attorneys' fees and expenses of litigation.

67. Jonathan Foster is entitled to recover from the Defendant his attorneys' fees and expenses of litigation.

### Count III – Negligence

68. Paragraphs 1 through 67 are incorporated herein by reference.

69. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Robin Foster's damages as alleged herein.

70. By reason of the foregoing, Defendant is liable for the negligence of its employees, attorneys, and agents resulting in the Jonathan Foster's damages as alleged herein.

71. Defendant had duties under Georgia and federal law to treat Robin Foster fairly and in a manner that was not abusive.

72. Defendant had duties under Georgia and federal law to treat Jonathan Foster fairly and in a manner that was not abusive.

73. Defendant breached those duties as alleged herein.

74. Defendant's conduct and omissions are the proximate cause of the damages suffered by Robin Foster in an amount to be determined by the trier of fact.

75. Defendant's conduct and omissions are the proximate cause of the damages suffered by Jonathan Foster in an amount to be determined by the trier of fact.

## Demand for a Jury Trial

76. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiffs, Robin and Jonathan Foster, pray for the following:

a) Actual and statutory damages in an amount in excess of $350.00;

b) The trebling of actual and statutory damages for Defendant's intentional violations of the GFBPA;

c) The award of costs and reasonable attorney's fees pursuant to the GFBPA, O.C.G.A § 10-1-399(d), and FDCPA in an amount to be proven at trial but in excess of $3,000.00;

d) Pre- and post-judgment interest, if applicable;

e) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted this 8th day of January, 2017.

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

ATTORNEY FOR PLAINTIFFS

/s/ Ronald Edward Daniels
Ronald Edward Daniels
Georgia Bar No. 540854

DANIELS LAW LLC
P.O. BOX 1834
Perry, Georgia 31069
Tel. 478-227-7331
ron@dlawllc.com

ATTORNEY FOR PLAINTIFFS