IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBIN FOSTER, and | : | |
| JONATHAN FOSTER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:17-CV-8 (CAR) |
| | : | |
| FRANKLIN COLLECTION | : | |
| SERVICE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs Robin Foster and Jonathan Foster bring this action against Defendant Franklin Collection Service, Inc. ("Franklin") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Georgia's Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-391 *et seq*. Plaintiffs also assert a negligence claim against Franklin. Presently before the Court is Franklin's Motion for Judgment on the Pleadings, and Plaintiffs' Amended Motion to Amend their Complaint.[1] Having considered the pleadings, the parties' arguments, and relevant legal authority, Franklin's Motion [Doc. 12] is **DENIED without prejudice**, Plaintiffs' Motion [Doc. 21] is **GRANTED**, and the Stay of

---

[1] The Court notes it terminated Plaintiffs' First Motion to Amend their Complaint [Doc. 15] because the Court directed Plaintiffs to refile the Motion to Amend their Complaint and attach the proposed Amended Complaint to that Motion [Doc. 21]. The Amended Motion is the same as the first Motion to Amend.

Discovery is now **LIFTED**.

## BACKGROUND

In December of 2014, Robin Foster was visiting her family in Mississippi when she received medical treatment at RedMed Urgent Clinic ("RedMed"). At the time of her visit, Robin paid RedMed a $25.00 co-pay. Shortly thereafter, Robin received a bill from RedMed for $367.00. RedMed filed the health insurance claim incorrectly, and this bill did not include Robin's health insurance coverage. After RedMed refiled the claim correctly with Blue Cross Blue Shield, Robin's health care provider, the total bill was reduced to $271.75. Blue Cross Blue Shield paid $221.75 of this bill, and then RedMed billed Robin for the remaining $50.00, even though Robin already paid the $25.00 copay. Jonathan Foster, Robin's husband, paid the $50.00 in or around November of 2015. Collectively, the Fosters and Blue Cross Blue Shield paid RedMed $297.75. Thereafter, the account balance was zero.

On February 10, 2016, Franklin sent a letter to Jonathan Foster demanding payment for his "outstanding balance of $317.00 owed to REDMED LLC."[2] At the bottom of the letter, it stated: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."[3] According to Robin, she never authorized RedMed or

---

[2] [Doc. 1-1].
[3] *Id*.

2

anyone else to contact Jonathan Foster regarding her account with RedMed, and this repeated attempt to collect a debt that no longer existed created unnecessary conflict and stress in the Fosters' marriage.

On January 8, 2017, Robin and Jonathan Foster filed suit against Franklin alleging Franklin violated the FDCPA and GFBPA, and Franklin is liable for the negligence of its employees, attorneys, and agents. On April 18, 2017, Franklin filed a Motion for Judgment on the Pleadings [Doc. 12], and on May 2, 2017, Plaintiffs filed a Response in Opposition and a Motion to Amend their Complaint.

Having directed Plaintiffs to file their Proposed Amended Complaint, the Court will first consider their Motion to Amend and then address the Motion for Judgment on the Pleadings.

## MOTION TO AMEND THE COMPLAINT

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints.[4] Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written

---

[4] Fed. R. Civ. P. 15(a).

consent of the opposing party.[5]  When the party seeks leave of court, "[t]he court should freely give leave when justice so requires."[6]

Under Rule 15(a)'s liberal amendment policy, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[7]  However, factors such as undue delay, undue prejudice to defendants, and futility of the amendments are sufficient to justify denying a motion to amend.[8]  When an amended complaint fails to state a viable claim as a matter of law, it is not an abuse of discretion to deny a motion to amend.[9]

## II.   DISCUSSION

Franklin contends Plaintiffs' Motion to Amend their Complaint should be denied because any amendment would be futile.  Specifically, Franklin argues because the account in issue was paid in full, no "debt" exists for purposes of the FDCPA; thus, Plaintiffs cannot bring FDCPA or GFBPA claims.[10]  However, the Court disagrees.

The Eleventh Circuit has stated, "[t]he FDCPA specifies that the consumer debt sought to be collected <u>need not actually exist</u> for the debt collector to be bound by the FDCPA's requirements—indeed, the statute applies to 'any obligation or <u>alleged</u>

---

[5] *Id.*
[6] *Id.*
[7] *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).
[8] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[9] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).
[10] The Court notes the cases Plaintiff cites are not binding precedent on the Court. *See Winter v. I.C. System, Inc.*, 543 F.Supp.2d 1210, 1213 (S.D. Cal. 2008)); *Posso v. Astra Funding Inc.*, 2007 WL 337440, at *3 (N.D. Ill. Nov. 9, 2007); *Burks v. Washington Mutual*, 2008 WL 4966656, at *9 (E.D. Mich. Nov. 17, 2008).

obligation.'"[11] Here, the medical debt was an alleged obligation that Franklin attempted to collect, and thus, Franklin is still bound by the FDCPA's requirements regardless if the medical debt actually existed. Accordingly, having read and considered Plaintiffs' Proposed Amended Complaint, it does not appear that Plaintiff's amendment is futile or that any of the substantial reasons for denying the Motion to Amend exist. Because "leave shall be freely given when justice so requires,"[12] Plaintiffs' Motion to Amend their Complaint [Doc. 21] is **GRANTED**.

## MOTION FOR JUDGMENT ON THE PLEADINGS

### I. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings" pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[13] "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."[14] Thus, the standard of review for a motion for judgment on the pleadings is "almost identical to that

---

[11] *Parham v. Seattle Service Bureau, Inc.*, 656 F.App'x 474, 477 (11th Cir. 2016) (per curiam) (emphasis added) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998)); *see also Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) ("[The defendant's] assertion that [the plaintiff] is obligated as a result of a consumer transaction suffices to bring the obligation within the ambit of the FDCPA."). The Court recognizes *Parham* is an unpublished opinion. However, the Eleventh Circuit has not published an opinion on this issue yet, and thus, the Court will rely on *Parham.*
[12] Fed. R. Civ. P. 15(a).
[13] FRCP 12(c).
[14] *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal quotation omitted).

5

used to decide motions to dismiss."[15]

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant.[16] However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations."[17] A complaint will survive judgment on the pleadings if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[18]

## II. DISCUSSION

Franklin argues it is entitled to judgment on the pleadings as to all of Plaintiffs' claims because (1) the pleadings fail to state a claim under the FDCPA or GFBPA and fail to allege any negligent behavior, and (2) the FDCPA does not apply to this case because the account was paid in full, and there is no debt for purposes of the FDCPA. However, Franklin's Motion for Judgment on the Pleadings was submitted prior to Plaintiffs' Motion to Amend their Complaint. The Proposed Amended Complaint cures any pleading deficiencies Franklin pointed out in its Motion for Judgment on the Pleadings, and as explained above, a paid debt can still be a debt for purposes of the FDCPA. Thus, in

---

[15] *Doe v. Bd. of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992).
[16] *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).
[17] *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011) (internal quotation omitted).
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6

granting Plaintiffs' Motion to Amend their Complaint, Franklin's arguments for judgment on the pleadings have now become moot.[19] Accordingly, the Motion for Judgment on the Pleadings [Doc. 12] is **DENIED without prejudice** to give Franklin the ability to refile the Motion based on the Amended Complaint.

## CONCLUSION

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings [Doc. 12] is **DENIED without prejudice**, and Plaintiffs' Motion to Amend their Complaint [Doc. 21] is **GRANTED**. Plaintiff is hereby **DIRECTED** to file the Amended Complaint as a separate document on the docket, and the Amended Complaint will supersede the original Complaint.[20] Additionally, the Stay of Discovery is now **LIFTED**.

**SO ORDERED**, this 15th day of August, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[19] *See generally Ali v. Prestige Window & Door Installation, LLC*, No. 08-080863-CIV, 2009 WL 927947, at *2 (S.D. Fla. April 6, 2009) ("The amended complaint makes the original complaint and its corresponding motions moot.").

[20] *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).