# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBIN FOSTER and JONATHAN FOSTER,<br><br>*Plaintiffs*,<br><br>v.<br><br>FRANKLIN COLLECTION SERVICE, INC.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:17-cv-00008-TES |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Presently before the Court is Defendant Franklin Collection Service, Inc.'s ("Defendant" or "FBCS") Motion for Summary Judgment [Doc. 32] on Plaintiffs' action for alleged violations of the Fair Debt Collection Practices Act and Georgia Fair Business Practices Act and for FBCS's alleged negligence. For the reasons that follow, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### FACTUAL BACKGROUND

In December 2014, Plaintiff Robin Foster received medical treatment at RedMed Urgent & Family Clinic ("RedMed") in Pontotoc, Mississippi. [Doc. 34-7, ¶ 2; Doc. 33-5, p. 6]. On her intake form, Mrs. Foster indicated that she had insurance and listed her husband, Plaintiff Jonathan Foster, as the insured. [Doc. 33-5, p. 6].

Several months later, FBCS received an email from RedMed's billing service for

the collection of an unpaid balance of $317.00. [Doc. 33-8, pp. 6, 25]. The email listed the patient as Mrs. Foster and the guarantor as Mr. Foster. [*Id.* at p. 25].

Pursuant to FBCS's contract with RedMed, dated July 14, 2015, RedMed has "a continuing obligation to provide FBCS any new or additional Account Information with respect to the Delinquent Accounts as soon as such information becomes known" to it. [Doc. 37-3, p. 4]. Furthermore, RedMed agreed to report payments to FBCS by email on a weekly basis. [*Id.* at p. 2]. Elsewhere the contract states that RedMed "will notify FBCS within twenty[-]four (24) hours of direct receipt of payment or assigned accounts." [*Id.* at p. 4].

After receiving RedMed's email regarding the Fosters' balance, Defendant sent two letters to the Fosters regarding the unpaid debt. [Doc. 34-7, ¶ 9]. Defendant addressed the first one, dated July 30, 2015, to Jonathan Foster but named "Mr./Mrs. Jonathan Foster" in the salutation and informed Plaintiffs of their ability to call FBCS to discuss payment options. [Doc. 33-8, pp. 15-16]. On the second page of the letter, FBCS wrote:

> UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS FROM RECEIVING THIS NOTICE THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT

CREDITOR.

[*Id.* at p. 16].

On August 7, 2015, Mrs. Foster called RedMed and had a conversation with a billing department employee. [Doc. 34-2]. Mrs. Foster explained that her insurance provider made a mistake and would reprocess her claim regarding her December 2014 medical services. [*Id.* at p. 2:10-20]. The RedMed employee "reversed the collections balances" and told Mrs. Foster to "keep on top of your insurance company" and to call back in one and a half to two weeks "to see if we've received that payment yet." [*Id.* at p. 4:7-16].

On February 10, 2016, FBCS sent another letter to Jonathan Foster. [Doc. 33-8, pp. 17-18]. This letter contained no salutation and stated, "You have an outstanding balance of 317.00 owed to REDMED LLC. The balance in full 317.00 [sic] is due at this time." [*Id.* at p. 17]. Plaintiffs contend that at the time FBCS sent the February 10 letter their balance with RedMed was paid in full. [Doc. 34, p. 4].

Plaintiffs now bring the instant action, claiming that FBCS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. ("GFBPA"). Plaintiffs also claim that FBCS negligently breached its duty to "treat [Plaintiffs] fairly and in a manner that was not abusive." [Doc. 24, ¶¶ 85, 86].

3

## DISCUSSION

### A. Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As to issues for which the movant would bear the burden of proof at trial, the "movant must affirmatively show the absence of a genuine issue of material fact and support its motion with credible evidence demonstrating that no reasonable jury could find for the non-moving party on all of the essential elements of its case." *Landolfi v. City of Melbourne*, 515 F. App'x 832, 834 (11th Cir. 2013) (citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993)). As to issues for which the non-movant would bear the burden of proof at trial, the movant may (1) simply point out an absence of evidence to support the non-moving party's case or (2) provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant satisfies its burden, the burden shifts to the non-movant, who must "go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citing

*Fitzpatrick*, 2 F.3d at 1115–17). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Four Parcels*, 941 F.2d at 1437 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Board of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). However, "[a] court need not permit a case to go to a jury. . . when the inferences that are drawn from the evidence, and upon which the non-movant relies, are implausible." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996) (internal quotations omitted).

### B. **Plaintiffs' FDCPA Claims**

Plaintiffs' first claim arises under the FDCPA, which Congress enacted in 1977 to curtail "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see also Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014). By enacting the FDCPA, Congress created a civil cause of action for consumers confronted by debt collectors who use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009). Thus, to have a viable claim under the FDCPA, a plaintiff must "show that a debt collector attempted to collect a consumer debt through an act or omission prohibited by the FDCPA." *Brown v. Collection Servs. of Athens, Inc.*, No. 5:14-CV-156 (MTT), 2014 WL

5

7359560, at *2 (M.D. Ga. Dec. 23, 2014).

The question in this case is whether FBCS committed some act or omission in violation of the Act. To answer this question, the Court must not assess "whether the particular plaintiff-consumer was deceived or misled," but must instead determine "whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Crawford*, 758 F.3d at 1258 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)). The least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care," and the standard does not allow for "bizarre or idiosyncratic interpretations of collection notices." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

The Eleventh Circuit courts generally construe the FDCPA as a strict liability statute since it "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). However, the statute contains an exception to liability in Section 1692k, which states:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). To be entitled to this "bona fide error" defense, the debt collector must show by a preponderance of the evidence that (1) its FDCPA violation was

6

unintentional; (2) its FDCPA violation was the result of a bona fide error; and (3) the error "occurred despite the maintenance of procedures 'reasonably adapted to avoid any such error.'" *Owen*, 629 F.3d at 1270 (quoting *Edwards*, 584 F.3d at 1352-53 (11th Cir. 2009)).

1. *15 U.S.C. § 1692e*

Plaintiffs claim that FBCS "violated various provisions of [Sections] 1692e and 1692f by attempting to collect a debt Plaintiffs did not owe." [Doc. 34, p. 8]. Section 1692e prohibits, among other things, "[t]he false representation of—the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). It also prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect a debt." 15 U.S.C. § 1692e(10).

FBCS moves for summary judgment on this claim, arguing that its mistaken attempt to collect on Mrs. Foster's medical bill is excused by its reasonable reliance on information supplied by the creditor, RedMed. Although Plaintiffs view FBCS's argument as the bona fide error defense in disguise, FBCS maintains that it is asserting a wholly distinct defense based solely on its right to rely on RedMed.[1]

It appears FBCS derived this "right to rely" defense from *Ducarest v. Alco Collections, Inc.*, 931 F. Supp. 459 (M.D. La. 1996). In *Ducarest*, the defendant debt collector

---

[1] FBCS made a passing reference to the bona fide error defense in its Motion for Summary Judgment, which was insufficient for the Court to make a thorough determination of FBCS's entitlement to the defense. The Court requested further briefing on the matter from FBCS or for FBCS to inform the Court of its decision to forego the defense. [Doc. 38]. FBCS decided to forego the defense [Doc. 39], and the Court therefore declines to consider it here.

7

mailed the plaintiff a letter demanding $390.00 for a debt owed to the plaintiff's apartment company. The plaintiff filed suit under Section 1692e(2) of the FDCPA, arguing that the debt collector attempted to collect charges that were not explicitly agreed upon in the lease agreement. In granting summary judgment to the debt collector, the court wrote:

> Remembering the object of the FDCPA, and reading it as a whole, to state a claim under § 1692e(2), plaintiff would have to show that defendant knowingly misrepresented the character, amount, or legal status of the debt. The language "false representation of the character, amount, or legal status of any debt" in § 1692e(2)(A) must be read in conjunction with what it defines—a "false, deceptive, or misleading representation." These terms clearly contemplate a knowing and intentional act. It is undisputed that defendant relied on the information provided to it by [the creditor] in demanding payment of this debt. Plaintiff's claim under this section of the FDCPA has no merit because she has not shown that any misrepresentation of the amount of the debt claimed was knowing or intentional.

*Ducarest*, 931 F. Supp. at 462. The court went on to conclude:

> It is undisputed that the entire debt claimed by the defendant was included in the statement of the account delivered to defendant by [the] original creditor . . . . Such inclusion constitutes a representation by the creditor that the item was due and owing. Plaintiff does not allege and has not presented any evidence that defendant knowingly and intentionally misrepresented the amount of the debt due or knowingly and intentionally claimed an amount it knew was not provided by the lease or permitted by law.

*Id.* at 462-63.

In this circuit, however, the FDCPA has been construed as a strict liability statute that "typically subjects debt collectors to liability *even when* violations are not knowing or

intentional." *Owen*, 629 F.3d at 1270 (emphasis added).[2] Moreover, "mere deception, *intentional or unintentional*, to collect or attempt to collect any debt . . . is sufficient to constitute a violation" of Section e(10). *Brown*, 2014 WL 7359560, at *5 (quoting *In re Cambron*, 379 B.R. 371, 379 (Bankr. M.D. Ala. 2007)). The only exception recognized in this circuit to this strict liability rule is the "narrow carve-out" of the bona fide error defense, which FBCS explicitly relinquished. *Owen*, 629 F.3d at 1271. Thus, to the extent Defendant asks this Court to recognize a new "right to rely" defense, the Court declines to do so. Until the Eleventh Circuit expressly decides to acknowledge the "right to rely" defense, this Court must follow current and binding precedent, i.e. *Owen*, mandating that district courts treat the FDCPA as a strict liability statute. Thus, the Court is constrained to deny Defendant's motion for summary judgment regarding Plaintiffs' Section 1692e claims.

2. *15 U.S.C. § 1692f*

Plaintiffs also claim that FBCS violated Section 1692f of the FDCPA, which generally prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Specifically, Section 1692f also prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

---

[2] *But see Cornette v. I.C. Sys., Inc.*, 280 F. Supp. 3d 1362, 1370 (S.D. Fla. 2017) (citing dicta in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) and finding that the Eleventh Circuit has not resoundingly endorsed the strict liability reading of the FDCPA). The Court declines to follow *Cornette*.

9

Defendant moves for summary judgment on this claim, arguing that a plaintiff cannot assert a claim under Section 1692f if the claim could be brought under another provision of the FDCPA. FBCS cites to several district court cases in and outside this circuit to support this argument. [Doc. 32-2, p. 10]. However, in *LeBlanc v. Unifund CCR Partners*, the Eleventh Circuit noted that Section 1692f "does not purport to define what is meant by 'unfair' or 'unconscionable,'" but "the "plain meaning of 'unfair' is 'marked by injustice, partiality, or deception.'" *LeBlanc*, 601 F.3d at 1200 (quoting Merriam-Webster Online Dictionary 2010 <http://www.merriam-webster.com/dictionary/unfair>). The court went on to conclude that because "fairness and unconscionability necessarily include inquiry regarding deceptiveness," and because deceptive conduct is proscribed by Section 1692e, the appellant's claim under Section 1692f was necessarily dependent upon his success on his claims under Section 1692e(5). *Id.* at 1200, 1201.

Likewise, in *Crawford v. LVNV Funding, LLC*, the Eleventh Circuit found a debt collector's time-barred filing of a proof of claim against the debtor to be "unfair, unconscionable, deceptive, and misleading within the broad scope of § 1692e and § 1692f." 758 F.3d 1254, 1261 (11th Cir. 2014). The *LeBlanc* and *Crawford* opinions imply that the Eleventh Circuit recognizes that a single act by a debt collector can violate multiple provisions of the FDCPA. *See also Ferrell v. Midland Funding, LLC*, No. 2:15-cv-00126-JHE, 2015 WL 2450615, at *4-5 (N.D. Ala. May 22, 2015) (citing *Crawford* and concluding that "the Eleventh Circuit believes the same conduct can simultaneously violate § 1692f and

another FDCPA provision."); *Dial v. Midland Funding, LLC*, No. 2:14-cv-663-WMA, 2015 WL 751690, at *4 (N.D. Ala. Feb. 23, 2015) (same). In light of these Eleventh Circuit decisions, Plaintiffs' Section 1692f claims are not barred, and Defendant's Motion for Summary Judgment is **DENIED** as to these claims.

3. *15 U.S.C. § 1692g*

Plaintiffs' last FDCPA claim arises under Section 1692g, which requires debt collectors to provide certain written information regarding the debt either in the initial communication about the debt or within five days of the initial communication. 15 U.S.C. § 1692g(a). Plaintiffs claim in their Amended Complaint that Defendant's initial communication with them lacked such information. [Doc. 24, ¶¶ 53-55]. Defendants move to dismiss this claim on the ground that their initial communication did, in fact, include the requisite information.

The Court need not resolve this dispute because Plaintiffs effectively waived this claim by failing to respond to Defendant's arguments on summary judgment. *See Case v. Eslinger*, 555 F.3d 1317, 1328 (11th Cir. 2009) ("When a party moves for final, not partial, summary judgment, we have stated that it becomes incumbent upon the nonmovant to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in the moving party's favor. A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary

judgment motions.") (quoting *Johnson v. Board of Regents*, 263 F.3d 1234, 1264 (11th Cir. 2001)). *See also Gary v. City of Warner Robins*, No. 5:16-cv-151(TES), 2018 WL 3825220, at *6 (M.D. Ga. Aug. 10, 2018) ("When a non-moving party fails to address particular claims in the moving party's motion for summary judgment but responds to other arguments, the non-moving party abandons these claims."). Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiffs' claims under Section 1692g.

### C. Plaintiffs' GFBPA Claims

Plaintiffs also assert claims under the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("GFBPA"), which declares as unlawful "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." O.C.G.A. § 10-1-393(a). A violation of the FDCPA automatically constitutes a violation of the GFBPA. *1st Nationwide Collection Agency, Inc. v. Werner*, 654 S.E.2d 428, 431 (Ga. Ct. App. 2007); *see also Harris v. Liberty Cmty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) ("[A] violation of the FDCPA constitutes a violation of the GFBPA."). Because the question of whether Defendant violated the FDCPA is to be submitted to a jury, the related question of whether it violated the GFBPA is also a question for the jury. Accordingly, the Court **DENIES** Defendant's motion for summary judgment on this claim.

### D. Plaintiffs' Negligence Claims

As with their Section 1692g claims, Plaintiffs failed to respond to Defendant's

arguments in support of summary judgment on their negligence claims. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiffs' negligence claims.

### E. Mrs. Foster's Claims

Finally, FBCS contends that "[a]ll of the behavior complained of by Plaintiffs is concerned solely with the alleged interaction between Jonathan Foster." [Doc. 32-2, p. 15]. Furthermore, Defendant contends that "Mrs. Foster does not complain of having received the correspondence that forms the basis of this litigation . . . nor does she have any recollection of any communication with Defendant." [*Id.*]. Therefore, Defendant argues that it should be entitled to summary judgment on all claims asserted by Mrs. Foster.

As to Plaintiffs' FDCPA claims, there is nothing in the statute that limits claims to those persons who receive deceptive communications. On the contrary, "[o]ne of the purposes of the FDCPA is to ensure that every person, including non-debtors, has a right to be treated in a reasonable manner." *Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985) and 15 U.S.C. § 1692k(a) ("Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to *any person* is liable to such person . . . ."). In this Order, the Court allows Plaintiffs' Section 1692e and 1692f claims to proceed, and nothing in those sections limits recovery to the actual consumer or debtor.

Moreover, the Court also allows Plaintiffs' GFBPA claims to proceed as the GFBPA provides a cause of action for "*[a]ny person* who suffers injury or damages as a result of a violation of a violation of [the GFBPA]." O.C.G.A. § 10-1-399(a) (emphasis added). Thus, the claims moving forward against FBCS are not limited to the recipient of a proscribed communication, so that Mrs. Foster's claims are not barred.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment as to Plaintiffs' 15 U.S.C. § 1692g and negligence claims and **DENIES** the remaining portions of its motion. Plaintiffs' remaining claims under 15 U.S.C. §§ 1692e and 1692f, as well as the corresponding GFBPA claims, will proceed to trial.

**SO ORDERED**, this 13th day of September, 2018.

> **S/ Tilman E. Self, III**
> **TILMAN E. SELF, III, JUDGE**
> **UNITED STATES DISTRICT COURT**